# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN R. HOYE, | ) |
| Plaintiff, | ) Civil Action No. 2: 17-cv-00009 |
| v. | ) District Judge Nora Barry Fischer |
| DEPUTY DIALESADRO, et al., | ) |
| Defendants. | ) |

## ORDER OF COURT

Plaintiff filed two lawsuits relating to the time period when Plaintiff was housed in SCI-Greene's RHU, Civil Action No. 2:17-cv-00009 and Civil Action 2:17-cv-00019 . Because the two lawsuits involved common facts relating to the same time period, the Court consolidated Civil Action No. Civil Action 2:17-cv-00019 with Civil Action No. 2:17-cv-00009. (ECF No. 10). It was further Ordered that Plaintiff was to file an Amended Complaint on or before May 12, 2017. Plaintiff was advised that failure to file an Amended Complaint as ordered, without leave for an extension of time, shall result in dismissal of this case. To date, Plaintiff has neither filed an Amended Complaint nor has he sought an extension of time in which to do so.

A district court has inherent power to dismiss a complaint, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v.

1

Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the order directing him to file an Amended Complaint. The responsibility for his failure to comply is Plaintiff's alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Defendants have not yet been required to respond to the Complaint and therefore have not suffered specific prejudice other than that caused by general delay.

3. A history of dilatoriness.

Plaintiff has made no effort to move this case forward and has ignored the Court's Order dated April 12, 2017. (ECF No. 10). This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case.

4. Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. Alternative sanctions.

Plaintiff is proceeding *pro se*, and thus, it is likely that any sanction imposing costs or fees upon him would be ineffective.

6. Meritorious of the claim or defense.

Plaintiff alleges that, while incarcerated at SCI-Greene, he was improperly housed in the RHU for a period longer than 30 days, despite his D-Code classification, and that while in the RHU he was denied meals on three days, denied certain items of clothing, and was not given his purchased commissary items. Given the nature of Plaintiff's allegations, and because this case is in the pre-service stage of litigation, this factor neither weighs for or against dismissal.

In summary, the majority of the Poulis factors weigh in favor of dismissal. Accordingly, this action will be dismissed with prejudice for Plaintiff's failure to follow the Court's Order dated April 12, 2017, requiring him to file an Amended Complaint.

So **ORDERED** this 31st day of May, 2017.

                                                      s/Nora Barry Fischer
                                                     Nora Barry Fischer
                                                     United States District Judge

cc:  NATHAN R. HOYE
      LZ-6846
      SCI Houtzdale
      PO Box 1000
      Houtzdale, PA 16698